UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADCLIFFE WALKER, | No. 2:16-cv-1585 CKD P |
| Petitioner, | |
| v. | ORDER & |
| J. PRICE, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with this action pursuant to 28 U.S.C. § 2254. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Petitioner has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, petitioner may proceed with this action in forma pauperis.

I. The Petition

Petitioner was convicted of second degree murder and sentenced to a prison term of 15 years to life. (ECF No. 1 at 24.) Petitioner challenges the Board of Parole Hearings' 2013 finding that he was unsuitable for parole, claiming the Board violated his federal constitutional right to due process. Petitioner contends that the Board denied him parole based on the finding that he murdered another inmate, which was false.

In June 2003, petitioner got into a fight with an inmate, Ford, who died two weeks after petitioner struck him repeatedly in the face and kicked his head against a wall. (Id. at 38, 54.) Ford was determined to have died from blunt force head trauma, and petitioner was blamed for his death. (Id. at 38-39, 54.) At a disciplinary hearing in 2004, plaintiff was found guilty of Ford's murder and assessed 360 days of custody credit. (Id. at 48.)

Petitioner asserts that Ford's autopsy showed he died of a diabetic coma and that petitioner was falsely convicted of murder. (Id. at 98.) In 2015, petitioner sought to challenge the 2004 disciplinary finding of murder through the inmate appeals process, arguing that it prejudiced his parole hearing. This appeal was cancelled as duplicative of an earlier appeal, which "denied petitioner meaningful access to the court." (Id. at 18, 96.)

II. Discussion

First, a habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption. Insofar as petitioner's claims concern access to the courts or the inmate appeals process, they are not properly brought within this federal habeas action.[1]

As to the Board's denial of parole, in 2011, the United States Supreme Court overruled a line of Ninth Circuit precedent that had supported habeas review in California cases involving denials of parole by the BPH and/or the governor. Swarthout v. Cooke, 562 U.S. 216 (2011). The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions. Because habeas relief is not available for errors of state law, and because the Due Process Clause does not require correct application of California's

---

[1] Petitioner may re-file any claims concerning prison conditions in an action pursuant to section 1983. Petitioner is advised that the statutory filing fee for such an action is $400.00. 28 U.S.C. §§ 1914(a), 1915(b)(1).

2

"some evidence" standard for denial of parole, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided. Id. at 220-21. Federal due process protection for such a state-created liberty interest is "minimal," the determination being whether "the minimum procedures adequate for due-process protection of that interest" have been met. The inquiry is limited to whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied. Id. at 221; Miller v. Oregon Bd. of Parole and Post– Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in Swarthout that in the context of parole eligibility decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision."). This procedural inquiry is "the beginning and the end of" a federal habeas court's analysis of whether due process has been violated when a state prisoner is denied parole. Swarthout, 562 U.S. at 220. The Ninth Circuit has acknowledged that after Swarthout, substantive challenges to parole decisions are not cognizable in habeas. Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011).

Here, petitioner's challenge to the Board's decision to deny parole is not cognizable in habeas under Swarthout. Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." For the foregoing reasons, and because it does not appear that the petition can be cured by amendment, the petition should be summarily dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 4) is granted; and

2. The Clerk of Court is directed to assign a district judge to this action.

IT IS HEREBY RECOMMENDED that the petition be summarily dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written

objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 26, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 /walk1585.R4_fr